IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONYA ANDERSON<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC.,<br>individually and d/b/a UPS | CIVIL ACTION<br><br>NO. 2:22-CV003676 |

**FIRST AMENDED COMPLAINT FOR UNPAID WAGES**

Come now the Plaintiff, Tonya Anderson ("Plaintiff"), and bring this class action against Defendant United Parcel Service, Inc., individually and d/b/a UPS (hereinafter, "Defendant" or "UPS") pursuant to Federal Rule of Civil Procedure 23(b)(3) for failure to pay all overtime wages owed for unpaid pre-shift and/or post-shift security screening in violation of the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. Sections 333.101-333.115. Plaintiff states as follows:

**I. Parties**

1. Plaintiff, Tonya Anderson, is an adult individual, a citizen of the Commonwealth of Pennsylvania and a current employee of UPS out of its Horsham, PA hub, residing at 129 W. Elm Street, Norristown, Pennsylvania.

2. Plaintiff brings this action on behalf of a class defined as follows:

    All full-time hourly paid individuals who are or were employed by UPS at any UPS warehouse in Pennsylvania and worked more than 40 hours in a week from August 12, 2019 until the present and on-going.

    (hereinafter, the "Class" or "Class Members").

3. Defendant, United Parcel Service, Inc., individually and d/b/a UPS, is alleged and therefore averred to be a business, company, entity, partnership, limited liability company, franchise, fictitious name, proprietorship, non-profit or corporation, incorporated under the laws

of Ohio, with a principal office located at 55 Glenlake Parkway NE, Atlanta, Georgia and a registered agent for service of process c/o Corporation Service Company, 2595 Interstate Drive, #103, Harrisburg, Pennsylvania.

4. At all times relevant, Defendant, UPS, has been an American multinational shipping and receiving and supply chain management company, which regularly conducts business in the Eastern District of Pennsylvania.

## II. Jurisdiction and Venue

5. This Court has subject matter jurisdiction over Plaintiff's claims under the Class Action Fairness Act ("CAFA") of 2005, 28 U.S.C. § 1332(d).

6. Venue is proper in in this judicial district, pursuant to 28 U.S.C section 1391(b)(2) because Defendant regularly conducts business there, maintains facilities there, and subjected Class Members in those facilities to the violations alleged in the causes of action.

## III. Factual Allegations

7. Plaintiff and Class Members were at all times relevant hereto employed by Defendant during the Class Period.

8. The PMWA manifests Pennsylvania's strong public policy protecting any employee's right to be adequately compensated for all hours for which they work. *See, Heimbach v. Amazon.com, Inc. (In re Amazon.com Inc. Fulfillment Ctr. Fair Labor Stds. Act (FLSA) & Wage & Hour Litig.)*, 255 A.3d 191, 200 (July 21, 2021).

9. The PMWA sets forth the Pennsylvania requirement that employees must be paid at the least the applicable minimum wage for all compensable time. If any employee is paid by his or her employer less than the minimum wages provided by 43 P.S. § 333.104 or by any regulation issued thereunder for any compensable time, such worker may recover in a civil action the full

amount of such minimum wages owed less any amount actually paid to the worker by the employer for that time, if any, together with costs and such reasonable attorney's fees as may be allowed by the court, and any agreement between the employer and the worker to work for less than such minimum wage for any compensable time shall be no defense to such action. *See* 43 P.S. Labor §§ 333.113. Further, 43 P.S. § 333.104(c) states, "Employees shall be paid overtime not less than one and one-half the employee's regular rate as prescribed in regulations promulgated by the secretary" for all hours worked over 40 hours per week.

10. Under the Pennsylvania Department of Labor and Industry, "hours worked" are defined as follows:

> The term includes time during which an employee is **required by the employer to be on the premises of the employer**, to be on duty or to **be at the prescribed work place**, time spent in traveling as part of the duties of the employee during normal working hours and time during which an employee is employed or permitted to work; provided, however, that . . . time spent on the premises of the employer for the convenience of the employee shall be excluded.

(emphasis added). *See* 34 Pa. Code § 231.1(b). Thus, all time which an employee spends under the control of his or her employer on work premises, or performing any one of these types of activities constitutes compensable hours worked for purposes of this regulation.

11. At all times relevant hereto, Defendant required Plaintiff and Class Members to regularly perform compensable work off-the-clock for which they did not receive any compensation. Specifically, as part of their employment, Defendant required Plaintiff and all Class Members during the Class Period to go through pre-shift security checks when entering the premises at the start of their shifts. Although Defendant maintained a common policy and practice of requiring Plaintiff and Class Members to stand and wait in line for security checks and searched their bags and subjected them to other security measures, Defendant failed to compensate Plaintiff and Class Members for such time.

12. The Pennsylvania Supreme Court recently held that an employer must pay its warehouse workers for time on the employer's premises spent waiting for and undergoing mandatory security screenings. *See, Heimbach* at 203. ("[Section 231.1] designates all 'time during which an employee is required by the employer to be on the premises of the employer' as compensable hours worked, regardless of whether the employee is actually performing job-related duties on the premises"). The Court in that case also rejected Amazon's broad contention that only time in which employees are required to be on their premises "working" – *i.e.*, engaged in duties or tasks directly related to the specific requirements of their job or occupation – constitutes hours worked for purposes of the PMWA. *Id.* at 204. Additionally, the Court held that pre or post-shift security screening time constituted "hours worked" and was not barred by the federal *de minimis* doctrine, which does not apply under state law, specifically stating that "*any* portion of the hours worked by an employee does not constitute a mere trifle". *Id.* at 208-209.

13. At all times relevant hereto, Plaintiff and Class Members could not report such time as compensable overtime because of Defendant's policy and practice of making employees clock in on a time clock machine that was not physically available where the security checks were conducted but was only available after employees had undergone their security checks (when entering the premises). Instead of paying Plaintiff and the Class Members for all compensable hours, including their pre- and/or post-shift security and/or bag checks, Defendant routinely required Plaintiff and Class Members to be present on their premises for these checks which constituted compensable overtime.

14. Even though during the statutory period applicable to their claims Defendant regularly and consistently required Plaintiff and Class Members to undergo pre and post-shift security and bag checks, Defendant failed to compensate Plaintiff and Class Members for such

time at the applicable overtime rate when the additional uncompensated working hours tipped Plaintiff and Class Members over their normally scheduled forty hours of work in a given workweek, Plaintiff and the Class Members were not compensated for such time at their applicable overtime rates.

15. Therefore, through its policy and practice of requiring Plaintiff and the Class Members to undergo pre and post-shift uncompensated security and bag checks, Defendant clearly violated the PMWA.

16. As a result of Defendant's policy and practices described above, Defendant regularly failed to pay Plaintiff and Class Members for all compensable hours in violation of the PMWA and failed to pay Plaintiff and Class Members for all overtime hours worked at the applicable overtime rates for each and every hour worked over 40 hours in a given workweek.

### IV. Class Action Allegations

17. Plaintiffs seek to bring this action as a class action under Federal Rule of Civil Procedure 23(a) and (b)(3). The class Plaintiff seeks to represent is defined as follows: All full-time hourly paid individuals who are or were employed by UPS at any UPS warehouse in Pennsylvania and who worked and were paid for at least 40 hours in a week from August 12, 2019 the present and on-going. All such Class Members were subject to Defendant's unlawful policies including, Defendant's failure to pay overtime wages for all compensable time, including security check time.

18. This action has been brought and may be properly maintained as a class action under Federal Rule of Civil Procedure 23 because all elements of Rule 23(a) and (b)(3) are satisfied here:

      a.    <u>Numerosity.</u> While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believe that Defendant has employed several thousand Class Members as full-time hourly-paid workers in Pennsylvania who were subject to Defendant's unlawful compensation policies. The Class Members are dispersed throughout Pennsylvania. Joinder of all members of the proposed classes is therefore not practicable

      b.    <u>Commonality.</u> There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

      i.    Whether Defendant violated the PMWA by failing to pay overtime wages to Plaintiff and Class Members for all compensable hours over forty in a workweek, including for pre- and/or post-shift time associated with security and bag checks during the Class Period;

      ii.    The proper formula(s) for calculating damages, interest, and restitution owed to Plaintiff and Class Members;

      iii.    The nature and extent of class-wide damages.

      c.    <u>Typicality.</u> Plaintiff's claims are typical of the claims of the Class. Both Plaintiff and Class Members sustained injuries and damages, and were deprived of wages owed to, arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein, in similar ways and for the same types of unpaid overtime wages.

      d.    <u>Adequacy of Representation.</u> Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class and Class Members. Plaintiff's interests do not conflict with those of the Class and/or its or their Members. Co-Counsel who represent Plaintiff and the putative Class are competent and very experienced in litigating large

wage and hour class actions and will devote sufficient time and resources to this case and otherwise will adequately represent the Class.

    e. <u>Superiority of Class Action.</u> A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged or may be damaged in the future by reason of Defendant's unlawful policies and/or practices. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because it allows for efficient and full payment by Defendant of all overtime wages due and will thereby effectuate Pennsylvania's strong public policy of protecting employees from deprivation of compensation earned in their employment. If this action is not certified as a Class Action, it will be impossible as a practical matter, for many or most Class Members to bring individual actions to recover monies unlawfully withheld from their lawful compensation due from Defendant, due to the relatively small amounts of such individual recoveries relative to the costs and burdens of litigation.

## V. Claims for Relief

### COUNT I
### Violations of the Pennsylvania Minimum Wage Act

**Tonya Anderson v. UPS**
**(Rule 23 Class Action Claim)**

  19. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if they were set out herein.

20. The actionable period for this cause of action is August 12, 2019 through the present, and on-going until the violations are corrected or the Class is certified.

21. The PMWA sets forth the Pennsylvania requirement that employees must be paid at the least the applicable minimum wage. If any employee is paid by his or her employer less than the minimum wages provided by 43 P.S. § 333.104 or by any regulation issued thereunder, such worker may recover in a civil action the full amount of such minimum wage less any amount actually paid to the worker by the employer, together with costs and such reasonable attorney's fees as may be allowed by the court, and any agreement between the employer and the worker to work for less than such minimum wage shall be no defense to such action. See 43 P.S. Labor §§ 333.113. Further, 43 P.S. § 333.104(c) states, "Employees shall be paid overtime not less than one and one-half the employee's regular rate as prescribed in regulations promulgated by the secretary" for all hours worked over 40 hours per week.

22. In the course of its business, Defendant required Plaintiff and Class Members to undergo mandatory security and bag checks prior to clocking in for their shifts and Plaintiff and Class Members were not paid overtime wages at the applicable hourly rate for those working hours undergoing mandatory security and bag checks when such hours tipped their total working hours over 40 hours in a workweek, or were conducted during weeks when workers logged 40 or more hours.

23. The aforementioned, acts or practices of Defendant constitute a violation of the PMWA because time required by an employer to be on the premises of the employer, or to be on duty or to be at the prescribed work place constitutes hours worked under the PMWA and should be compensated. See 34 Pa. Code § 231.1(b); *Heimbach*, 255 A.3d at 203.

24. Defendant's methods, acts, or practices described herein injured Plaintiff and Class Members in the Commonwealth of Pennsylvania. Defendant's actions directly and proximately caused Plaintiff and Class Members to experience off-the-clock compensable time with no compensation.

25. Plaintiff and the other Class Members suffered and continue to suffer losses related to the use and enjoyment of compensation due and owing to them as a direct result of Defendant's unlawful acts and PMWA violations in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

26. Plaintiff seeks all available remedies for Defendant's violations including, but not limited to, any and all overtime wages due, interest, attorney's fees, and costs to the extent permitted by law.

## VI. Prayer for Relief

WHEREFORE, Plaintiff and the putative Class respectfully request that this Honorable Court enter an Order that:

a. This action may proceed and be maintained as a class action;

b. Enters a declaratory judgment that Defendant violated the PMWA in failing to pay Plaintiff and Class Members all overtime wages due for security check time;

c. Awards Plaintiff and Class Members their unpaid overtime wages owed during the Class Period, as well as interest, and attorneys' fees and litigation costs under the PMWA in an amount in excess of one hundred fifty thousand dollars ($150,000);

d. All other relief as this Court deems proper.

## VII. Jury Demand

Plaintiff, Tonya Anderson, hereby demands trial by jury in this action of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

**THE ROTHENBERG LAW FIRM LLP**

DATED: December 16, 2022    BY: _____
DANIEL BREEN
Attorney I.D. NO. 91507
dbreen@injurylawyer.com
The Rothenberg Law Firm LLP
1420 Walnut Street, 2nd Floor
Philadelphia, PA 19102
Telephone: (215) 732-7000

Craig Ackermann, Esq.
(admitted pro hac vice)
cja@ackermanntilajef.com
Ackermann & Tilajef, P.C.
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

Steven Arenson, Esq. (to be admitted pro hac vice)
steve@adklawfirm.com
Arenson Dittmar & Karban
200 Park Avenue
New York, New York 10166, Suite 1700
Telephone: (212) 490-3600
Facsimile: (212) 682-0278

*Counsel for Plaintiff and the Putative Class*